UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　　Plaintiff<br>v.<br><br>BRUNO TEIXEIRA<br><br>　　　　Defendant. | Civil Action No.: 09-4634 |

---

**LEGAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

---

Frank J. Martone, Esq.

FRANK J. MARTONE, P.C.
1455 BROAD STREET
BLOOMFIELD, NJ 07003
973-473-3000
Fax - 973-473-3243
firm@martonelaw.com
Attorneys for Plaintiff

## STATEMENT OF FACTS

On or about October 8, 1994, Defendant Bruno Teixeira ("Defendant") executed promissory notes to secure student loans in the amounts of $8,500.00 and $10,000.00 from the U.S Department of Education. The loan amount for $8,500.00 was disbursed on September 8, 1994 and December 29, 1994 and for the loan amount for $10,000.00 was disbursed on November 9, 1994 and December 29, 1994, at a variable rate of interest to be established annually. The loan was made by the Department ("the Department") of Education under the William D. Ford Federal Direct Loan Program under Title IV, Part D of the Higher Education Act of 1965 ("the Act"), as amended, 20 U.S.C. § 1087a et seq. (34 C.F.R. Part 685).

This is a breach of contract action commenced by the Plaintiff United States of America ("Plaintiff") on behalf of the Department against Defendant, who borrowed money for student loans and failed to repay said loans. The Complaint in this action was filed on September 9, 2009. On or about October 13, 2009, Defendant filed an Answer alleging that he applied for "the new Income Based Repayment Plan in August 2009 with the U.S. Department of Education and has not received a response."

The two promissory notes executed by Defendant in 1994 included the following representation:

> "I understand that this is a Promissory Note, I will not sign this Promissory Note before reading it...My signature certifies that I have read, understood and agreed to the terms and conditions of this Promissory Note."

Defendant confirmed that he read, understood, and agreed to all of the Terms and Conditions of the 1994 promissory notes.

The Department demanded payment according to the terms of the note, and the Defendant defaulted on the obligation on October 9, 1997. Pursuant to C.F.R. § 685.202(b), a total of $1,579.35 in unpaid interest was capitalized and added to the principal balance.

Furthermore, the Department has credited a total of $2,259.28 in payments from all sources, including Treasury Department offsets, if any, to the balance. Based on application of said payments, as of May 12, 2009 Defendant owed a total debt of $34,262.47 to Plaintiff.

Interest was accruing on the principal of the loan balance at the current rate of 5.01 percent and a daily rate of $2.67 through June 30, 2009, and thereafter at such rate as the Department establishes pursuant to § 455(b) of the Act, as amended, 20 U.S.C. 1087e. Currently, Defendant owes to Plaintiff $19,490.33 in principal, $15,452.70 in interest for a total balance of $34,943.03 with a current interest rate of 3.28%.

Defendant's Answer contesting this action, does not set forth a genuine basis for a delay or trial in this proceeding. Defendant simply alleges in his Answer that: (1) he applied for the Income Contingent Repayment Plan and has not qualified; and (2) he is unemployed and has no assets. Moreover, Defendant failed to assert any facts in support of his denials and/or challenges to Plaintiff's right to enter judgment for unpaid loans.

The accompanying papers to this motion will clearly demonstrate that the allegations set forth in Plaintiff's Complaint are true and are well supported by the record, as well as documents which were provided to Defendant at the time the loan in question was executed. Therefore, it is Plaintiff's position that the Answer in this matter be stricken and that Plaintiff be allowed to enter judgment against Defendant.

LEGAL ARGUMENT

I. **SUMMARY JUDGMENT SHOULD BE GRANTED IN FAVOR OF PLAINTIFF UNITED STATES OF AMERICA BECAUSE THERE ARE NO GENUINE ISSUES OF MATERIAL FACT PRECLUDING ENTRY OF JUDGMENT**

Under the developed governing standard, a court should grant summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden of showing that no genuine issue of material fact exists rests initially on the moving party. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A litigant may discharge this burden by exposing "the absence of evidence to support the nonmoving party's case." Id. at 325. In evaluating a summary judgment motion, a court must view all evidence in the light most favorable to the nonmoving party. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir. 1976).

Once the moving party has made a properly supported motion for summary judgment, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The substantive law determines which facts are material. Id. at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id.

Based on the undisputed material facts submitted to the Court in Plaintiff's Statement of Undisputed Material Facts for Summary Judgment, this case is absolutely ripe for adjudication. Based on the evidentiary documents in this case, the Court can make a determination as a matter of law. Plaintiff contends that there is no viable claim that presents an issue that must be

determined by a reasonable factfinder. Thus, Plaintiff respectfully requests that the Court grant its motion for Summary Judgment.

## II. DEFENDANT'S ANSWER SHOULD BE STRIKEN BECAUSE IT FAILS TO SET FORTH ANY GENUINE ISSUE OF MATERIAL FACT PRECLUDING SUMMARY JUDGMENT

Based on the Answer filed in this matter, the evidence is overwhelming to compel summary judgment, because there is no genuine issue as to material fact. The facts are that Defendant entered into a student loan agreement with Plaintiff and failed to make payments in accordance with the terms of the loan agreement, and as such, judgment is being sought against said Defendant.

Defendant defaulted on said loans in 1997. Pursuant to Income Contingent Repayment Plan ("ICR"), defaulted loans are not eligible for the ICR plan. See 34 C.F.R. § 685.209(b)(4)(ii)(A). Defendant's only contention in his Answer is that he applied for the ICR Plan but has not been accepted into said Plan. Defendant also alleges that he has no income; his legal theory is that if he enters into the ICR Plan his payments will be $0 and the loans will be discharged. A cursory examination of Defendant's Answer shows that he has no claim that resounds in a basis of fact or law to refute the claims set forth in Plaintiff's Complaint.

Defendant admits that he entered into a student loan agreement with Plaintiff. (Answer to Interrogatory No. 2 & 3). The Promissory Notes signed and acknowledged by Defendant prove that Defendant entered into a loan agreement with Plaintiff. Under the Terms & Conditions of the subject loan Defendant executed, he promised to pay Plaintiff all sums disbursed under the Promissory Notes plus interest and other fees which could become due.

It is clear upon review of the Defendant's Answer that the denials contained therein have no basis in fact or law. Defendant's Answer in this case is insufficient to challenge Plaintiff's right to obtain a judgment, as indicated above, this Plaintiff is able to and here proves execution, delivery and nonpayment of the Promissory Notes securing the subject student loans. Defendant fails to set forth any concrete grounds as to why a judgment should not be entered against him. Thus, Defendants' Answer demonstrates that there is no genuine issue of material fact as to Plaintiff's right to seek a judgment on the defaulted student loans and summary judgment should be granted in favor of Plaintiff.

## CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that the Court strike Defendant's Answer and enter summary judgment in favor of Plaintiff.

Dated: May 14, 2010                                  Respectfully submitted,

*Frank J. Martone /s/*

Frank J. Martone, Esq.
Frank J. Martone, P.C.
Attorney for Plaintiff
1455 BROAD STREET
BLOOMFIELD, NJ 07003
(973) 473-3000
E-mail: ccalabrese@martonelaw.com