UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                Plaintiff,<br>    v.<br><br>BRUNO TEIXEIRA,<br>                Defendant. | Civ. Action No. 09-4634 (KSH)<br><br>**OPINION and ORDER** |

**Katharine S. Hayden, U.S.D.J.**

This matter comes before the Court on motion by plaintiff United States of America ("the government") for summary judgment in a breach of contract action involving defendant Bruno Teixeira's ("Teixeira") failure to repay two student loans of $10,000 and $8,500 made to him in 1994 by the Department of Education. [Moving Br. 1, D.E. 9.]  It is undisputed that Teixeira signed promissory notes securing the two loans at issue and defaulted on those loans in 1997. [Def's Opp'n 1, D.E. 10; Moving Br. 2.]  The government now moves to strike Teixeria's answer to the complaint and to enter judgment in its favor.  [Moving Br. 2.]

When it filed the complaint in September 2009, the government sought $34,262.47, consisting of $19,490.33 in outstanding principal and $14,772.14 in capitalized interest balance and accrued interest, along with costs, post-judgment interest and attorney's fees of 30 percent of $34,26.47.  [Comp. ¶ 2, D.E.1.]

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The

1

Court must consider all the evidence in the light most favorable to the non-moving party in deciding whether to grant summary judgment. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

In his opposition, Teixeira states that in August 2009, one month before the government filed its complaint, he applied to the income contingent repayment plan ("ICRP"), 34 CFR § 685.209, which allows student loan debtors to consolidate their outstanding loans and then make monthly payments on that single loan based on income. [Def's Opp'n 1.] Teixeira contends that he is unemployed, without assets, and eligible for the ICRP. [Answer 1, D.E. 3.] He argues that acceptance into the ICRP would effectively lead to the cancellation of his debts and "cure" his default on the two student loans [id.], and therefore the present case is "not yet ripe for adjudication." [Def's Opp'n 3.]

The government filed no reply. In its moving brief, the government argues that Teixeira "has no claim that resounds in a basis of fact or law" to refute the complaint and points the Court to 34 C.F.R. § 685.209(b)(4)(ii)(A) to support the proposition that "defaulted loans are not eligible for the [ICRP]." [Moving Br. 4, Ex. 10.]

This citation, § 685.209(b)(4)(ii)(A), does not exist. The Court notes that subsection "c," the subsection that follows § 685.209, provides that the "repayment period" for the ICRP "includes periods in which the borrower makes payments under the income-contingent repayment plan on loans that are not in default." 34 C.F.R. § 685.209(c)(4)(ii)(A). It is not clear that this provision, which appears to be what the government intended to cite, supports its argument that defaulted loans are not eligible for the ICRP.

2

The government also fails to address Teixeira's assertion that the ICRP is intended to provide relief to those student loan debtors who, as Teixeira claims to be, find themselves in financial straits and unable to make repayment.

Finally, the Court notes that the government's complaint and its moving brief fail to address a seeming discrepancy between the $18,500 that both parties agree to be the total amount of the original loans, and the $19,490.33 that the government seeks to recover as "the current principal balance" after "application of all prior payments, credits, and offsets."  [*See* Compl. ¶ 2; Pl's Moving Br. 2—3; Def's Opp'n 1.]   Adding capitalized interest of $1,579.35 to the principal, and then subtracting $2,259.28 in credits does not yield, as the government states, a remaining principal of $19,490.33.

Based on the foregoing, the government's motion to strike the answer and enter judgment [D.E. 9] is **denied.**

**SO ORDERED** this 31st day of December, 2010.

/s/ Katharine S. Hayden

Katharine S. Hayden, U.S.D.J.